```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


UNITED STATES OF AMERICA          §
ex rel., BOBBY GARRISON,          §
and RUDOLFO GAONA, JR.,           §
                                  §
      Plaintiffs,                 §
                                  §
v.                                §    CIVIL ACTION NO. H-07-1018
                                  §
CROWN ROOFING SERVICES, INC.,     §
RAY PALMER, R.D. CHATMON,         §
USS ENGINEERING, LLC, and         §
JAMEEL HATTAB,                    §
                                  §
      Defendants.                 §
```

## MEMORANDUM AND ORDER

Pending is the United States's Motion to Strike Defendants' Affirmative Defenses (Document No. 82). The factual background of this *qui tam* action is outlined in this Court's Memorandum and Order dated March 16, 2011 (Document No. 84), in which the Court denied Defendants Crown, Palmer, and Chatmon's (the "Crown Defendants") motion to dismiss.

The Crown Defendants raise several affirmative defenses in their Answer: (1) failure to state a cause of action on which relief may be granted; (2) failure to mitigate; (3) waiver and ratification; (4) privilege and justification; (5) estoppel; (6) actions of Shelmire and/or Hattab are a new and independent

cause of the Government's alleged injury; and (7) due process limitations on damages and exemplary damages.[1]

The Government moves to strike these defenses, contending that they do not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that four of the defenses--waiver and ratification, estoppel, new and independent cause, and failure to mitigate--are unavailable as a matter of law. The Crown Defendants concede that the defenses of failure to state a claim and privilege and justification do not apply at this time, but assert that the other defenses are available and are sufficiently pled. They alternatively request leave to amend their answer in order to comply with the pleading standards.

## I.  Legal Standard

"Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 103 S. Ct. 729 (1983). A motion to strike under Rule 12(f) is a "drastic remedy to be resorted to only when required for the purposes of justice . . . . The motion to strike should be granted only when the pleading to be

---

[1] *See* Document No. 79 ¶ 101 (Answer).

stricken has no possible relation to the controversy." <u>Augustus v. Bd. of Pub. Instruction</u>, 306 F.2d 862, 868 (5th Cir. 1962) (quotations omitted); <u>Pam Am. Life Ins. Co. v. Blanco</u>, 311 F.2d 424, 428 n. 13 (5th Cir. 1962) ("If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.") (quotation omitted).

"A defendant must 'plead an affirmative defense with enough specificity or factual particularity to give the government "fair notice" of the defense that is being advanced.'" <u>Rogers v. McDorman</u>, 521 F.3d 381, 385 (5th Cir. 2008) (quoting <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir. 1999)); *see also* <u>E.E.O.C. v. Courtesy Bldg. Serv., Inc.</u>, No. 3:10-CV-1911-D, 2011 WL 208408, at *4-5 (N.D. Tex. Jan. 21, 2011) (striking defenses of waiver, release, estoppel, and unclean hands because they were "not accompanied by an factual allegations giving notice of the nature of the defense"). "[B]aldly 'naming' the broad affirmative defenses . . . falls well short of the minimum particulars needed to identify the affirmative defense in question . . . ." <u>Woodfield</u>, 193 F.3d at 362. However, "an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1274, at 616-17 (3d ed. 2004) (footnote omitted).

3

## II. Discussion

### A. Sufficiency of the Pleadings

The Crown Defendants merely list their affirmative defenses without any factual basis to put the Government on fair notice of the defenses; this is insufficient. All defenses on this "list" are therefore susceptible to being DISMISSED. *See* Woodfield, 193 F.3d at 362. However, the Court will allow the Crown Defendants to replead to meet this defect as to certain of the defenses. *See* Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 659 (2002) ("The district court must have a 'substantial reason' to deny a request for leave to amend." (quoting Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985))); *see also* Augustus, 306 F.2d at 868 ("Under such circumstances [where a court would be determining a question of fact or disputed and substantial questions of law], the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.").

### B. Defenses

#### 1. Failure to Mitigate

The Government has no duty to mitigate damages in cases where fraud is alleged. *See* Toepleman v. United States, 263 F.2d 697,

4

700 (4th Cir. 1959), *cert. denied*, 79 S. Ct. 1119 (1959) ("Having by his fraud thrust this burden on the United States, the [defendant] cannot be exonerated by the failure of the Government to cast it off at the most propitious time."); United States v. Aging Care Home Health, Inc., No. 3-02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006) ("[A]s to the fraud claims under the False Claims Act, the government has no duty, in any event, to mitigate its losses."). Accordingly, failure to mitigate is not available to the Crown Defendants in the causes of action that involve fraud. The Government concedes, however, that the Crown Defendants' failure to mitigate defense arguably could be applicable to Government's contract claims. Accordingly, the Crown Defendants will be allowed to plead facts to support their failure to mitigate defense as it pertains to Plaintiff's contract claims, if they are able to do so consistent with Rule 11(b).

   2.   Waiver and Ratification

The Crown Defendants argue that waiver and ratification are applicable to the Government's claims, contending that "the Government agency and representatives charged with overseeing and approving the specific work in question properly waived a right to disavow the quality of the work performed."[2] Courts have found waiver in government contracts where the "responsible officer

---

[2] Document No. 87 at 6.

assigned to the function of overseeing the essentials of contract performance" waived a contract provision. Gresham & Co., Inc., v. United States, 470 F.2d 542, 555 (Ct. Cl. 1972) ("Such a waiver by one with such authority will estop the Government."); *see also* Miller Elevator Co. v. United States, 30 Fed. Cl. 662, 687-88 (Ct. Cl. 1994) ("The Court of Claims has long recognized the application of waiver, either express or implied, to Government contracts." (citing Harvey Radio Laboratories, Inc. v. United States, 115 F. Supp. 444, 449 (Ct. Cl. 1953), *cert. denied*, 74 S. Ct. 377 (1954); Industrial Uranium Co. v. United States, 376 F.2d 868, 876 (Ct. Cl. 1967))); F.D.I.C. v. Niblo, 821 F. Supp. 441, 452 (N.D. Tex. 1993) (declining to strike defendant's affirmative defense of waiver, "because the issue of waiver is a question of fact" and "does not rest upon any duty owed to the other party, but rather a party's duty to itself to act upon or lose a specific right"). The Crown Defendants will be allowed to replead this defense to state, consistent with Rule 11(b), the factual basis for the defense in order to place the Government on fair notice of the defense asserted.

3. Estoppel

Generally, estoppel against the Government is not available as a defense where public money is at stake. *See* Office of Pers. Mgmt. v. Richmond, 110 S. Ct. 2465, 2470-73 (1990) (declining to

6

apply estoppel against the Government where a retired Navy employee's income exceeded the statutory level to receive disability payments, regardless of what he was told by a government agent, noting that "our recent cases evince a most strict approach to claims involving public funds"); Rosas v. U. S. Small Bus. Admin., 964 F.2d 351, 360 (5th Cir. 1992) ("'[C]laims for estoppel cannot be entertained where public money is at stake.'") (citing and quoting Richmond, 110 S. Ct. at 2473). Therefore, to the extent that Defendants assert a defense of estoppel to recover public funds that were rightfully withheld or to keep public funds that were wrongfully disbursed, the estoppel defense is unavailable.

However, "[i]n Government contracts, estoppel proscribes the Government from escaping liability for statements, actions, or inactions relied upon by another contracting party." Miller Elevator, 30 Fed. Cl. at 687 (citation omitted). Courts have recognized equitable estoppel against the Government in rare instances where the Government engaged in affirmative misconduct. See Fano v. O'Neill, 806 F.2d 1262, 1265-66 (5th Cir. 1987) (reversing summary judgment for the Government and finding that plaintiff had adequately stated a claim for estoppel when he alleged that the INS "willfully, wantonly, recklessly, and negligently" delayed in processing his application); Miller Elevator, 30 Fed. Cl. at 687 (noting that "provided a party

demonstrates some affirmative misconduct by the Government, the United States Court of Federal Claims also continues to recognize the doctrine" of equitable estoppel). To establish estoppel against the Government, a party must prove: "(1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; [and] (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury;" and (5) that the Government engaged in affirmative misconduct. Linkous v. United States, 142 F.3d 271, 277-278 (5th Cir. 1998) (citing United States v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997)). Therefore, equitable estoppel may be available to Defendants under certain narrow circumstances. Therefore, if they can do so consistent with Rule 11(b), Defendants will be allowed to replead a defense of *equitable* estoppel with facts sufficient to place the Government on fair notice of the basis for the defense.

### 4. New and Independent Cause

The Crown Defendants further plead as an affirmative defense that "actions of Shelmire and/or Hattab [were] new and independent cause[s] of Plaintiff's alleged injury."[3] The acts of another are a new and independent cause only when they are not reasonably foreseeable. See Bornmann v. Great S.W. Gen. Hosp., Inc., 453 F.2d

---

[3] See Document No. 79 ¶ 101(g).

8

616, 622-23 (5th Cir. 1971). Whether a new and independent cause is reasonably foreseeable is a question for the jury. Id. Accordingly, if they can do so consistent with Rule 11(b), Defendants will be allowed to replead their new and independent cause defense in order to put the Government on notice of the facts supporting this defense.

## III. Order

Accordingly, it is

ORDERED that Plaintiff United States of America's Motion to Strike Defendants' Affirmative Defenses (Document No. 82) is GRANTED in part, and the defenses of (i) failure to state a claim and (ii) privilege and justification are STRICKEN from the Crown Defendants' Answer as to all of the Government's claims. It is further

ORDERED that the Motion to Strike otherwise is CONDITIONALLY GRANTED as to all other defenses listed by the Crown Defendants, for legal insufficiency or failure to plead facts with particularity in order to place the Government on fair notice of the bases for such defenses, unless Defendants, within fourteen (14) days after the entry of this Order, file an amended answer, consistent with this Memorandum and Order, that pleads with

particularity the facts relied upon in support of any legally sufficient affirmative defenses that are repled.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 14TH day of October, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE